UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA LANGSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-1339-MTS |
| ) | |
| IRCA GROUP USA LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Defendant IRCA Group USA LLC's Notice of Removal. Doc. [1]; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (discussing a federal court's "independent obligation to determine whether subject-matter jurisdiction exists"). IRCA Group USA LLC's Notice has at least one fatal jurisdictional deficiency. The Notice does not establish IRCA Group USA LLC's own citizenship. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding an LLC's citizenship is that of its members for diversity jurisdiction purposes); *James v. Moore*, 1:23-cv-0115-SNLJ, 2023 WL 4350944, at *1 (E.D. Mo. July 5, 2023) (noting that the court could "be assured of its own jurisdiction" only when the party with the burden to establish subject matter jurisdiction "identif[ied] each of the individual members of the defendant LLC and specifically plead[ed] the state of their citizenship"); *see also, e.g.*, *Smith v. Wesley*, 4:23-cv-01282-MTS, 2023 WL 6639490, at *1 (E.D. Mo. Oct. 12, 2023) (finding removing defendant failed to establish diversity jurisdiction under § 1332(a) when he failed to identify LLC's members).

For at least this reason, IRCA Group USA LLC's Notice fails to carry its burden of establishing the Court's subject matter jurisdiction. *See Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021) (explaining that the "burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction"). If IRCA Group USA LLC can establish this Court's subject matter jurisdiction, it must file an amended notice of removal doing so. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (discussing the circumstances under which a party may amend its notice of removal). The amended notice must be sure to establish the citizenship of Defendant's members "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *See Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013). Failure to do so will result in remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Wednesday**, **September 10, 2025**, Defendant IRCA Group USA LLC must file an amended notice of removal that establishes this Court's subject matter jurisdiction. Failure to do so will result in the remand of this action without further notice.

Dated this 8th day of September 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE