# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DONNA LANGSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-1339-MTS |
| | ) | |
| IRCA GROUP USA LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on review of Defendant IRCA Group USA LLC's Amended Notice of Removal. Doc. [5]. The Court previously ordered Defendant to file an amended notice of removal because, despite Defendant asserting that the Court had diversity jurisdiction under 28 U.S.C. § 1332(a) over this action, Defendant's original notice failed to establish its own citizenship. *Compare* Doc. [1] ¶ 16 (erroneously calling itself a "Delaware corporation" and alleging its principal place of business is in Delaware), *with GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that, unlike a corporation, a limited liability company's citizenship is that of its members for diversity jurisdiction purposes). Instead of remanding the case for Defendant's overt failure to establish the Court's subject matter jurisdiction, the Court provided Defendant with an opportunity to amend. Defendant did so, but its amended notice fares no better.

Defendant IRCA Group USA LLC, as its name plainly suggests, now acknowledges that it is a limited liability company. Doc. [5] ¶ 16. Nevertheless, it again failed to provide

the facts (and analysis) necessary to establish its citizenship. Defendant alleges that it has a sole member, "IRCA Group Luxembourg Midco 4 S.a.r.l.," which Defendant says is "a Luxembourg corporation with its principal place of business located in Luxembourg." *Id.* Despite providing the S.a.r.l.'s place of incorporation and principal place of business, nowhere in the amended notice did Defendant wrestle with the "difficult task" of determining whether an S.a.r.l. even "should be treated as a corporation under § 1332." *See Jet Midwest Int'l Co. v. Jet Midwest Grp.*, 932 F.3d 1102, 1105 (8th Cir. 2019). To do so—and thereby show it provided the requisite jurisdictional facts—Defendant needed to demonstrate that an S.a.r.l. is "equivalent in all legally material respects to a corporation under state law." *Id.* (quoting *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003)). But Defendant altogether failed to provide any allegations or analysis showing that an S.a.r.l. has "the standard elements of 'personhood' (perpetual existence, the right to contract and do business in its own name, and the right to sue and be sued), as well as the ability to issue shares to investors who enjoy limited liability and which can be bought and sold, subject to restrictions that the business declares." *Id.* (internal quotations and alteration omitted).

What is more, all signs seem to point to the conclusion that an S.a.r.l. is *not* equivalent in legally material respects to a corporation under state law. S.a.r.l. stands for "*société à responsabilité limitée*." *See Gu v. INVISTA S.a.r.l.*, 682 F. App'x 316, 317 (5th Cir. 2017). For starters, the French *société à responsabilité limitée* translates into "company with limited liability." *See* A. W. Dalrymple, *French-English and English-French Dictionary of Legal Words and Phrases*, 149, 181 (2d ed. 1951). While the mere

translation certainly is not controlling, when a foreign business entity literally translates to "company with limited liability," a litigant that has the burden of establishing subject matter jurisdiction should not simply assume without analysis that the entity is legally equivalent to a corporation, as opposed to, say, a limited liability company.

Beyond its very name, the Court's cursory examination indicates that an S.a.r.l. is indeed "similar to an American limited liability company," not a corporation. *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 924 n.2 (11th Cir. 2007); *accord* Lécia Vicente, *The Hohfeldian Concept of Share in Limited Liability Companies: A View from the Common and Civil Law Traditions*, 33 Tul. Eur. & Civ. L.F. 41, 54 (2018) (referring to an S.a.r.l. as a type of "[p]rivate limited liability compan[y]"); Terence L. Blackburn, *The* Societas Europea*: The Evolving European Corporation Statute*, 61 Fordham L. Rev. 695, 772 (1993) (similar). As such, Defendant could only carry its burden to establish the Court's subject matter jurisdiction if Defendant identified all the members of IRCA Group Luxembourg Midco 4 S.a.r.l. and their respective citizenships. *See Novus Ag, LLC v. S&M Farm Supply, LLC*, 4:24-cv-1404-MTS, 2024 WL 4869238, at *3 (E.D. Mo. Nov. 22, 2024); *see also Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) ("A limited liability company . . . has the citizenship of its members and sub-members.").

\* \* \*

As with every party's action, this Court presumes that it lacks subject matter jurisdiction here, and the party asserting it had the burden to establish otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If this "company with limited

liability" is indeed more akin to a corporation than a limited liability company, Defendant failed to provide the facts and analysis necessary to show that here, despite its two opportunities to do so. It therefore appears that the Court lacks subject matter jurisdiction over this action, and remand is mandatory. *See* 28 U.S.C. § 1447(c). For this reason, the Court will enter herewith an Order of Remand, remanding this case to the St. Louis County Circuit Court, the Twenty-First Judicial Circuit of Missouri.

Dated this 11th day of September 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE